UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD VANBEEST,

    Plaintiff,                                                       Case No.

v.                                                                  Hon.

WEYERHAEUSER COMPANY,

    Defendant.
_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com
_____

There is no other pending or resolved civil action arising out
of this transaction or occurrence alleged in the complaint.

## **COMPLAINT AND JURY DEMAND**

Plaintiff Richard VanBeest, by and through his attorneys, NACHTLAW, P.C., hereby alleges as follows:

## **INTRODUCTION**

Richard VanBeest was a stellar employee of Weyerhaeuser Company for 15 years before he was callously terminated in violation state and federal law for voluntarily reporting truthful information to the employer about his health and that of his mother. After risking his own health for the Company's betterment by

working on premises during the pandemic, Mr. VanBeest was terminated after reporting to the Company on December 4, 2020 that he had just learned of a COVID-19 exposure and that he may be experiencing COVID-19 symptoms.  He thereafter reported the circumstances of his COVID-19 exposure, stayed home to quarantine, and got tested.  Mr. VanBeest took a leave of absence while he waited for the test result, which was negative.  The County Health Department advised him that he could come back to work the week after a negative test.  Scheduled to return to work on December 15, 2020, Mr. VanBeest was notified on December 14, 2020 that he had been terminated after he lawfully quarantined.

In Michigan and around the country, there is an epidemic within the pandemic of employers retaliating against employees for excessive absenteeism during the pandemic.  Employees are in an absolute bind.  It is the veritable "damned if you do, damned if you don't" scenario.  If the employee follows COVID-19 protocols and is absent, the employer retaliates.  Here, Mr. VanBeest self-reported after discovering his mother was COVID-19 positive.  The Company callously and tragically fired him as a result of his honesty—which in no way implicated that Mr. VanBeest knowingly jeopardized the health of his coworkers.  The Company did not follow its own COVID-19 protocol, instead unceremoniously terminating a hard-working employee for doing precisely what local, federal and state authorities required him to do upon learning that he had been exposed to someone with a

2

positive COVID-19 test.  This is therefore an action for money damages, liquidated damages, punitive damages, costs, attorneys' fees and other relief on behalf of Mr. VanBeest, who has suffered violations of the Michigan Public Act 238 of 2020, MCL 419.401 *et seq.* as a consequence of his unlawful termination.

## PARTIES AND JURISDICTION

1. Plaintiff Richard VanBeest (hereinafter referred to as "Plaintiff") is an individual residing in Mio, Michigan, which is located in Oscoda County.

2. Defendant Weyerhaeuser Company (hereinafter referred to as "Weyerhaeuser") is a company headquartered in Seattle, Washington.

3. Plaintiff worked for Weyerhaeuser in the facility located at 4111 West 4 Mile Road in Grayling, Michigan, which lies in Crawford County and the Eastern District of Michigan.

4. This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Weyerhaeuser now is, and at all times mentioned was, a corporation duly organized and existing under the laws of Washington and Plaintiff now is, and at all times mentioned, was a citizen and domiciled in the State of Michigan.

5. Additionally, Plaintiff will seek more than $75,000 in damages due to the great trauma and professional harm Defendant's wrongful termination has inflicted upon him.

6. As a result, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332, because Plaintiff's Complaint is founded on claims or rights arising under the laws of the United States. This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiffs' state law claim.

7. Venue is proper in this Court because Weyerhaeuser's facility at which Plaintiff worked is located in Crawford County, within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8. Weyerhaeuser is a foreign profit corporation incorporated under the state laws of Washington and registered to do business in Michigan with a location in Grayling, Michigan.

9. Plaintiff worked as an Operator at Weyerhaeuser from approximately June 9, 2003 to December 14, 2020.

10. Plaintiff worked on premises for Weyerhaeuser in 2020 despite the risks associated with the global COVID-19 pandemic.

11. Even with the increased risk of exposure, Plaintiff performed his duties diligently at all times relevant to this matter.

12. Every morning, Plaintiff passed the security gate where a guard posed a single question—whether he was experiencing COVID-19 symptoms.

13. Plaintiff was never read a list of symptoms nor was he asked any additional screening questions at the gate.

14. On November 30, 2020, Plaintiff reported to work an overtime shift.

15. Upon approaching the gate, Plaintiff was asked if he was experiencing COVID-19 symptoms.

16. Plaintiff truthfully and accurately answered that he was not experiencing any COVID-19 symptoms at the time.

17. On December 4, 2020, Plaintiff learned that his mother had tested positive for COVID-19.

18. That same day, Plaintiff began to experience what could be considered COVID-19 symptoms for the first time.

19. Plaintiff had last seen his mother on December 1, 2020.

20. Plaintiff immediately informed Weyerhaeuser of his circumstances on December 4, 2020 via a phone call.

21. Plaintiff proceeded to get tested for COVID-19 on December 5, 2020 and then stayed home to quarantine.

22. Plaintiff took a required quarantine leave of absence while he waited for his COVID-19 test result.

23. MCL 419.405(2) states that "an employee who has close contact with an individual who tests positive for COVID-19 or with an individual who displays

the principal symptoms of COVID-19 shall not report to work until 1 of the following conditions is met: (a) Fourteen days have passed since the employee last had close contact with the individual; or (b) The individual with whom the employee had close contact receives a medical determination that they did not have COVID-19 at the time of the close contact with the employee."

24. Plaintiff's COVID-19 test came back negative on December 7, 2020.

25. Plaintiff was told by the County Health Department that he could return to work the week after a negative test.

26. Plaintiff was scheduled to return to work on December 15, 2020.

27. However, Weyerhaeuser terminated Plaintiff on December 14, 2020.

28. The termination slip read: "Rich you failed to follow the Covid-19 Prevention and Mitigation Requirements. On 11/30/2020 you violated Grayling's COVID-19 site policy. All employees are required to adhere to these expectations without exception to protect the safety of themselves and other team members. As a result, your employment with Weyerhaeuser is terminated effective immediately."

29. Upon reasonable belief, Plaintiff was never shown Weyerhaeuser's COVID-19 OSHA Preparedness Plan, if one even existed at the time.

30. Plaintiff was shocked by the termination after impeccably serving Weyerhaeuser for 15 years.

31. Plaintiff was terminated for being candid and honest with Weyerhaeuser.

32. When Plaintiff came into work on November 30, 2020, he was not experiencing any COVID-19 symptoms and truthfully shared that information with the guard at the security gate.

33. Prior to Plaintiff's mother's positive COVID-19 test, he had no reason to believe she was in infected with the COVID-19 virus.

34. As soon as Plaintiff learned that his mother had tested positive and that he had come in close contact with someone who had tested positive, he responded reasonably and appropriately by immediately notifying his employer and proceeding to quarantine.

35. Plaintiff was terminated by Weyerhaeuser despite following all local, state and federal COVID-19 protocols.

## COUNT I
### (VIOLATION OF PUBLIC ACT 238 OF 2020, MCL 419.403)

36. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

37. On October 22, 2020, the Michigan legislature passed Public Act 238 of 2020, including MCL 419.403, which creates new protections for employees and is designed to "prohibit an employer from taking certain actions against an employee who does not report to work under certain circumstances related to COVID-19; to

prohibit an employee from reporting to work under certain circumstances related to COVID-19; to prohibit discrimination and retaliation for engaging in certain activities; and to provide remedies."

38. MCL 419.403 states that an employer "shall not discharge, discipline, or otherwise retaliate against an employee who (a) complies with the stay-home provisions set forth [in the Act]; (b) Opposes a violation of this act; or (c) Reports health violations related to COVID-19."

39. Plaintiff complied with the "stay home provisions" of the Act when he quarantined after being in contact with a person (*i.e.*, his mother) who had tested positive for COVID-19.

40. Plaintiff was nevertheless terminated the day before he was scheduled to return to work after passing his required quarantine period due to being in close contact with his mother, who had recently tested positive for COVID-19.

41. Plaintiff was provided with purported legitimate business reasons for his termination—but all reasons provided were clearly pretextual.

42. In fact, Weyerhaeuser did not follow its own COVID-19 discipline protocol entitled "Covid Discipline Flowchart."

43. MCL 419.407(1) states, "[a]n employee aggrieved by a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both, in the circuit court for the county where the alleged violation occurred or for the county

8

where the employer against whom the action is filed is located or has its principal place of business."

44. MCL 419.407(2) states, "[a] court shall award to a plaintiff who prevails in an action brought under this act damages of not less than $5,000.00."

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

### RELIEF REQUESTED

For the foregoing reasons, Plaintiff Richard VanBeest demands judgment against Weyerhaeuser as follows:

a. Declare the practices and actions of Weyerhaeuser as illegal under Michigan's Public Act 238 of 2020.

b. Award compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled, including back and front pay, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and any other damages available by law;

c. An award of interest, costs, and reasonable attorneys' fees; and

d. Whatever other relief this Court finds appropriate.

Respectfully Submitted,
NACHTLAW, P.C.

/s/ *Noah S. Hurwitz*

                                                              Noah S. Hurwitz (P74063)
                                                              Attorneys for Plaintiff
                                                              101 N. Main Street, Suite 555
                                                              Ann Arbor, MI 48104
                                                              (734) 663-7550

Dated: March 17, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD VANBEEST,

    Plaintiff,

v.

WEYERHAEUSER COMPANY,

    Defendant.

Case No.

Hon.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

## DEMAND FOR TRIAL BY JURY

    NOW COMES Plaintiff Richard VanBeest, by and through his attorneys, NachtLaw, P.C., and demands a jury trial for all issues so triable.

    Respectfully Submitted,

    NACHTLAW, P.C.

    /s/ *Noah S. Hurwitz*
    Noah S. Hurwitz (P74063)
    Attorneys for Plaintiff
    101 N. Main Street, Suite 555
    Ann Arbor, MI 48104
    (734) 663-7550

Dated: March 17, 2021